# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JACKSON KITCHENS,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD PIERCE, et. al.,<br><br>Defendants.<br>_____/ | CV F   05 1567 AWI LJO P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1.) |

    William Jackson Kitchens  ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the instant action on December 5, 2005, in the Sacramento Division of the U.S. District Court, Eastern District of California.  The action was subsequently transferred to this Court and received on December 9, 2005.  The Complaint names Richard Pierce, Sheriff, Margaret Mimms, Asst. Sheriff, Lt. Gary Johnson, Classification, and Trans Corp., Transportation as Defendants. Plaintiff alleges violations of his rights to Substantive and Procedural Due Process.

**A. SCREENING REQUIREMENT**

    The court is required to screen complaints brought by prisoners seeking relief against a

1  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
2  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
3  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
4  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
5  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
6  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
7  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

8       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
9  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
10 support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,
11 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
12 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
13 complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17 **B. SUMMARY OF COMPLAINT**

18      Plaintiff alleges that on August 25, 2005, Plaintiff was being held in the Fresno county
19 Jail where after 12+ hours, he was forced to reside in a 45 man open dormitory with up to 44
20 other penal inmates. Plaintiff complained that he was a "civil detainee" and should not be
21 housed with such inmates but he was not transferred. Plaintiff states he was subjected to an
22 unclothed body search, a visual body cavity search, and denied access to the law library. Plaintiff
23 contends that these actions placed his health and safety at risk and denied him due process.

24 **C. CLAIMS FOR RELIEF**

25     *1. Exhaustion of Administrative remedies*

26      Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be
27 brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
28 a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). McKinney, 311 F.3d at 1199-1201.

In this case, Plaintiff states that although there is a grievance process in place, he did not exhaust his administrative remedies because "Issues in this action concern Constitutional Claims the [sic] cannot be resolved at the administrative level." (Complaint at 2, ¶ B.2.)  As Plaintiff plainly concedes that his administrative remedies are unexhausted and that there were available administrative remedies to him, his Complaint must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."). As noted above, the Supreme Court has held that the exhaustion of administrative remedies is required *regardless* of the relief sought. Booth v. Churner, 532 U.S. 731, 741 (2001).

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff Complaint warrants dismissal for his failure to exhaust administrative remedies prior to filing suit in this Court. Such a deficiency is not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within TWENTY (20) days after being served with a copy

of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)©.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 3, 2006**            /s/ Lawrence J. O'Neill
b9ed48                          UNITED STATES MAGISTRATE JUDGE