# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JACKSON KITCHENS, | CV F   05-01567 AWI LJO P |
| Plaintiff, | |
| v. | ORDER VACATING FINDINGS AND RECOMMENDATIONS ISSUED MARCH 6, 2006.  (Doc. 10.) |
| PIERCE, et. al., | |
| Defendants. | |

William Jackson Kitchens ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on December 5, 2005, in the Sacramento Division of the Eastern District of California.  The case was transferred to this Court anc received on December 9, 2005.

On March 6, 2006, the Court issued Findings and Recommendations to dismiss the action based on Plaintiff's concession that he did not exhaust his administrative remedies.  However, Plaintiff, on March 14, 2006, filed Objections to the Findings and Recommendations contending he was not a prisoner within the meaning of the Prison Litigation Reform Act ("PLRA").

In Page v. Torrey, the Ninth Circuit held that civil detainees were not prisoners within the

meaning of the PLRA.  As a result, the filing requirements pertaining to applications to proceed *in forma pauperis* filed by such detainees was inapplicable.  The Ninth Circuit also indirectly held that the exhaustion of administrative remedies required under the PLRA also did not apply to civil detainees.[1]  In light of this holding, the Court HEREBY ORDERS:

1. The Findings and Recommendations issued March 6, 2006, are VACATED (Doc. 10.)

The Court will proceed with its screening of the case in due course.  Plaintiff should keep the Court apprised of his current address so as to receive all documents issued or filed relating to his case.

IT IS SO ORDERED.

Dated:     **June 21, 2006**                              **/s/ Lawrence J. O'Neill**
b9ed48                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The Court expressed no opinion as to the merits of Page's claims or other possible bases on which the Complaint could be dismissed. Page v. Torrey, 201 F.3d at 1140, fn. 8.