1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

WILLIAM JACKSON KITCHENS,                    1:05-CV-01567-LJO-NEW(DLB)-P

           Plaintiff,

    v.                                                    FINDINGS AND RECOMMENDATION
                                                          RECOMMENDING DEFENDANTS' MOTION
                                                          TO DISMISS BE DENIED
RICHARD PIERCE, et. al.,
                                                          (Doc. 23)
           Defendants.

                            /

I.      Defendants' Motion to Dismiss for Failure to State a Claim

      A.    Procedural History

     William Jackson Kitchens ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on December 5, 2005, in the Sacramento Division of the United States District Court for the Eastern District of California.  The case was transferred to the Fresno Division and received on December 9, 2005.

     This action is proceeding on plaintiff's original complaint filed December 5, 2005, against defendants Sheriff Richard Pierce, Assistant Sheriff Margaret Mimms, Lieutenant Gary Johnson, and Trans. Corp., for violation of plaintiff's Fourteenth Amendment due process rights.  Plaintiff alleges that defendants failed to protect him by housing him with criminal inmates, and that defendants failed to provide constitutionally adequate conditions of detention for a civil

detainee.  On March 23, 2007, defendants Mimms and Johnson (hereinafter "defendants") filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted.[1]  On April 20, 2007, plaintiff filed a response in opposition to the motion.

B.    Motion to Dismiss for Failure to State a Claim

1.    Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint.  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).

The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims."  Id. at 512.  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."

---

[1]Defendant Pierce has not yet been served.  Defendant Trans. Corp. filed an answer to the complaint on March 26, 2007.

1  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (*quoting* Scheuer v. Rhodes, 416 U.S. 232,

2  236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

3  suffice only to put the opposing party on notice of the claim . . . .'" (*quoting* Fontana v. Haskin,

4  262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not

5  be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the

6  claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)

7  (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log

8  Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  "Federal Rule 8(a)(2) requires only 'a short

9  and plain statement showing that the pleader is entitled to relief.'  Specific facts are not

10 necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the

11 grounds upon which it rests.'"  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (*quoting* Bell

12 Atlantic Corp. V. Twombly, 127 S.Ct. 1955 (2007)).

13            2.    Discussion

14            Pursuant to the in forma pauperis statute, the court has a statutory duty to screen

15 complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief

16 may be granted.  28 U.S.C. § 1915(e)(2).

17            In the instant case, the court conducted a preliminary screening of the complaint on

18 November 22, 2006.  Under the facts as alleged in the complaint, the court found that plaintiff

19 adequately stated a cognizable Fourteenth Amendment claim for defendants' failure to protect

20 him by housing him with criminal inmates, and for defendants' failure to provide constitutionally

21 adequate conditions of detention for a civil detainee.  (Doc. 15 at 1.)  Given this initial screening,

22 it is unlikely the court will favor dismissal of the action for failure to state a claim.

23            a.    Linkage Between Actions of Defendants and Injury to Plaintiff

24            Defendants claim that plaintiff failed to establish any actual connection or link between

25 the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.

26 ///

27 ///

28 ///

3

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

At the pleading stage, however, plaintiff's allegations that defendants Mimms and Johnson were responsible for implementation of policies, practices, and procedures which, when followed, resulted in denial of privileges and risks to plaintiff's safety, are sufficient to satisfy Rule 8(a).  Plaintiff's presumption that defendants were aware or should have been aware of plaintiff's treatment does not fail to satisfy the plain requirement of § 1983, but instead suffices to put defendants on notice of the claim against them for failure to act as they were required to do.  Because it is not clear to the court that no relief could be granted under any set of facts consistent with the allegations, the complaint may not be dismissed on this basis.

       b.     Claims Stemming from Denial of Law Library Access and from the Strip Search

Defendants argue that plaintiff fails to state claims for denial of access to the courts and stemming from a strip search.  Plaintiff alleged that defendants denied him law library privileges to which he was entitled, and that he was subject to an unclothed body search and a visual body cavity search, without his consent, upon his arrival at the jail.  These two incidents appear to the

court to be examples of plaintiff's treatment at the jail about which he complains, rather than distinct legal claims.  Plaintiff alleges that he was treated improperly under laws governing the rights of civil detainees by being housed with penal commitment inmates, placed in disciplinary isolation, and denied privileges such as adequate exercise, access to religious services, and access to the law library.  Plaintiff also alleges that his personal mail was opened, that he was not allowed to make telephone calls, and that he was not given access to psychiatric treatment at the jail.  Plaintiff makes reference to all of these incidents together as examples of his claim that defendants improperly housed him at the jail.  Given that plaintiff's allegations of the acts against him appear to be examples of his mistreatment at the jail, and not separate legal claims, plaintiff is not required to support separate claims stemming from denial of access to the courts and the strip search.  Therefore, the complaint may not be dismissed on the basis of his failure to do so.

c.      Declaratory Relief Under the Lanterman-Petris-Short Act

Defendants argue that plaintiff is not entitled to declaratory relief under the Lanterman-Petris-Short Act, Cal.Welf. & Inst.Code § 5000 et seq. (1998) ("the Act") because the Act is inapplicable to plaintiff.  While defendants' argument may be found to have merit, the court finds it premature to resolve the issue at this early stage of the proceedings.  The court notes that defendants have not set forth any binding authority that the Act is not applicable to plaintiff.  At the notice pleading stage, the court is disinclined to foreclose plaintiff's ability to pursue a claim without the support of clear authority.  Therefore, plaintiff's claim for declaratory relief shall not be dismissed on this basis.

d.      Plaintiff's Request for Injunctive Relief

In addition to money damages, plaintiff seeks an order for defendants to revise and amend policies, practices, and procedures at the Fresno County Jail to comply with laws concerning the care, housing, treatment, and transportation of civil detainees.  Plaintiff's claim for equitable relief arises from allegations of mistreatment by defendants while plaintiff was housed at the jail to attend a hearing.  Defendants argue that plaintiff has not met the burden of establishing that he suffered any real injury at the jail or that he will be subject to the same threat again.  At any point plaintiff seeks an injunction, plaintiff must meet the applicable standard before an injunction will

5

1    be granted.

2        "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the

3    threshold requirement imposed by Article III of the Constitution by alleging an actual case or

4    controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983)

5    (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

6    "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must

7    show that he has sustained or is immediately in danger of sustaining some direct injury as the

8    result of the challenged official conduct and the injury or threat of injury must be both real and

9    immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The

10   key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126

11   (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the

12   widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118,

13   1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)),

14   and "[w]hen a state agency is involved, these considerations are, in anything, strengthened

15   because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded

16   must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at

17   1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

18       Defendants argue that plaintiff did not show any likelihood that he will be subjected to

19   improper treatment at the jail in the future. The complaint arises from plaintiff's transportation

20   to and confinement at the Fresno County Jail for his attendance at a hearing to determine the

21   status of his civil commitment. As it appears that such hearings will be held periodically, the

22   court declines to limit plaintiff's ability to seek relief on claims that are not fully developed at

23   this beginning stage.  Therefore, plaintiff's claim for injunctive relief shall not be dismissed at

24   this juncture.

25           3.   Conclusion

26       Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to

27   dismiss for failure to state a claim, filed March 23, 2007, be DENIED as follows:

28           (1)   Defendants' motion to dismiss the claims against them for failure to allege

sufficient linkage be denied with prejudice;

(2)     Defendants' motion to dismiss plaintiff's claims based on denial of access to the courts and the strip search be denied with prejudice, on the ground that they are not separate, stand alone legal claims; and

(3)     Defendants' motion to dismiss plaintiff's claims for declaratory and injunctive relief be denied, without prejudice.

These Findings and Recommendation will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within **thirty (30) days** after being served with a copy of these Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 25, 2007**                     _____/s/ Sandra M. Snyder_____
                                                            UNITED STATES MAGISTRATE JUDGE

7