# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JACKSON KITCHENS, | 1:05-cv-01567-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES |
| v. | (Doc. 32) |
| RICHARD PIERCE, et. al., | ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AS PREMATURE |
| Defendants. | (Docs. 43, 49) |
| | ORDER EXTENDING DEADLINES<br>   New Discovery Cut-off Date . . . . . . . 06-30-2008<br>   New Dispositive Motion Deadline. . . 07-30-2008 |
| | THIRTY DAY DEADLINE FOR PLAINTIFF TO SERVE INTERROGATORIES |

William Jackson Kitchens ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on December 5, 2005.  Now pending is plaintiff's motion for leave to serve additional interrogatories on defendants.

On April 23, 2007, the court issued a discovery and scheduling order in this action establishing a deadline of December 19, 2007 for completion of discovery; and a deadline of February 19, 2008 for filing of dispositive motions. (Doc. 27.)  On June 25, 2007, plaintiff filed a motion for leave to serve additional interrogatories on defendants Transcor, Margaret Mimms,

1  and Gary Johnson. (Doc. 32.)  On July 6, 2007, defendants Mimms and Johnson filed an
2  opposition to plaintiff's motion (Doc. 34), and on July 12, 2007, defendant Transcor joined in the
3  opposition. (Doc. 35.)  Plaintiff has not filed a reply to the opposition.
4      Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding
5  discovery may seek an order compelling disclosure when an opposing party has failed to respond
6  or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3).  The moving party
7  bears the burden of demonstrating "actual and substantial prejudice" from the denial of
8  discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).
9  Pursuant to Rule 33, an interrogatory may relate to any matter that may be inquired into under
10 Rule 26(b). Fed. R. Civ. P. 33(a)(2).  Under Rule 26(b), "[U]nless otherwise limited by court
11 order, the scope of discovery is as follows: Parties may obtain discovery regarding any
12 nonprivileged matter that is relevant to any party's claim or defense — including the existence,
13 description, nature, custody, condition, and location of any documents or other tangible things
14 and the identity and location of persons who know of any discoverable matter. For good cause,
15 the court may order discovery of any matter relevant to the subject matter involved in the action.
16 Relevant information need not be admissible at the trial if the discovery appears reasonably
17 calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).
18      Plaintiff bases his motion on a need for further responses to the interrogatories he
19 previously served on defendants.  Plaintiff states that he served interrogatories on defendants
20 Transcor, Mimms and Johnson, on or about May 15, 2007.  Plaintiff also states that he received
21 responses to those interrogatories from all of the defendants on June 15 and 16, 2007.  Plaintiff
22 alleges that most of defendants' responses were in the form of objections to the interrogatories as
23 vague or ambiguous and, therefore, plaintiff wishes to clarify his interrogatories and re-serve
24 them on defendants, in an effort to acquire responses instead of objections.
25      Defendants oppose plaintiff's motion on the grounds that plaintiff has failed to make a
26 "particularized showing" as to why additional interrogatories are necessary.  Defendants argue
27 that plaintiff should not be given leave to "pose the same questions in a different form" if he has
28 not shown that defendants' objections were improper, that their answers were evasive or

incomplete, or that additional interrogatories would not be cumulative or duplicative.  As defendants argue, the motion before the court contains no evidence that defendants' responses were deficient.  Instead, plaintiff appears to have concluded that the interrogatories, not the responses, were deficient, and for this reason requests leave to clarify them.  The court recognizes that clarification of the interrogatories may result in some duplication.  However, given that the court's discovery deadline expired while plaintiff's motion was under consideration, leave shall be granted for plaintiff to clarify and re-serve the interrogatories he previously served on defendants.

Defendants also argue that plaintiff has failed to show any earlier attempt to address the discovery issue with defendants.  Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37-251 provide that a motion to compel shall contain certification that the moving party has, in good faith, conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court intervention.  See Fed. R. Civ. P. 37(a)(1); see also Local Rule 37-251.  As defendants argue, the motion before the court contains no certification that plaintiff has complied with the meet and confer requirement imposed by the rules.  However, the court's discovery and scheduling order issued April 23, 2007, stated specifically that "Local Rule 37-251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 that a party seeking relief from the court certify that he or she has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute prior to seeking court action shall not apply." (Sched.O. at 2:3-6.)  Therefore, this argument fails.

The deadline for the completion of all discovery, including motions to compel, was December 19, 2007.  Plaintiff filed the instant motion on June 25, 2007.  In light of the instant order, the court will extend the discovery deadline to June 30, 2008, for the limited purpose of resolving the interrogatories at issue in plaintiff's June 25, 2007 motion to serve additional interrogatories. (Doc. 32.)  The extension of the deadline to June 30, 2008 will provide plaintiff with a limited amount of time in which to file any necessary motions following defendants' responses to the interrogatories.  In addition, because discovery in this action shall remain ongoing, defendants' pending motions for summary judgment, filed on February 19, 2008, shall

be denied as premature, without prejudice, and the deadline for dispositive motions shall be extended to July 30, 2008.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to serve additional interrogatories, filed June 25, 2007, is GRANTED;

2. Within thirty (30) days of the date of service of this order, plaintiff shall clarify and re-serve on defendants Transcor, Mimms, and Johnson the same interrogatories plaintiff previously served on these defendants on or about May 15, 2007;

3. Within forty five (45) days of the date of service of the interrogatories, defendants shall serve responses to the interrogatories on plaintiff;

4. The discovery deadline is EXTENDED to June 30, 2008 for the limited purpose of resolving the discovery at issue in plaintiff's June 25, 2007 motion to serve additional interrogatories;

5. The deadline for dispositive motions is EXTENDED to July 30, 2008;

6. Defendant Trancor's motion for summary judgment filed on February 19, 2008, is DENIED as premature without prejudice; and

7. Defendants Mimms' and Johnson's motion for summary judgment filed on February 19, 2008, is DENIED as premature without prejudice.

IT IS SO ORDERED.

Dated:   **March 25, 2008**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE