# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JACKSON KITCHENS, | 1:05-cv-01567-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTIONS TO ADD NEW DEFENDANTS (Docs. 60, 61, 62.) |
| v. | |
| RICHARD PIERCE, et. al., | ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT FOR THE LIMITED PURPOSE DESCRIBED IN THIS ORDER |
| Defendants. | |
| | ORDER FOR CLERK TO SEND PLAINTIFF A FORM COMPLAINT |
| | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

## I.  RELEVANT PROCEDURAL HISTORY

William Jackson Kitchens ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on December 5, 2005, against defendants Richard Pierce (Fresno County Sheriff), Margaret Mimms (Fresno County Assistant Sheriff), Lieutenant Gary Johnson, and Transcor America, LLC ("Transcor").  (Doc. 1.)

On April 23, 2007, the court issued a discovery and scheduling order in this action establishing a deadline of December 19, 2007 for completion of discovery, with a deadline of October 19, 2007 to amend pleadings. (Doc. 27.)  On March 25, 2008, the court extended the

discovery deadline to June 30, 2008. (Doc. 59.) On April 7, 2008, plaintiff filed three separate Motions for Permissive Joinder, requesting leave to add three new defendants – Nora Varela, Monica Garcia, and Derrick Watkins – to this action. (Docs. 60, 61, 62.) On April 25, 2008, Transcor filed a response in opposition to plaintiff's motions. (Doc. 64.) On May 12, 2008, plaintiff filed a reply to Transcor's opposition. (Doc. 66.) None of the other defendants have filed an opposition or other response to plaintiff's motions.

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that on August 25, 2005, he was transported from Atascadero State Hospital to the Fresno County Jail, in the custody of the Sheriff, by agents employed by Transcor, a company which contracts with the County of Fresno to provide transportation. En route to the jail, plaintiff alleges he was not segregated from the prison inmates on the bus. Upon arrival at the jail, plaintiff spent more than twelve hours in a holding cell, after which he was forced to reside in a 45 man open dormitory with up to 44 other penal inmates for approximately 11 days. Plaintiff complained to custody staff that he was a "civil detainee" and should not be housed with such inmates, which was clearly stated in the Superior Court's Order for plaintiff's transport from Atascadero State Hospital. Plaintiff states he was subjected to an unclothed body search, a visual body cavity search, and denied access to the law library. Plaintiff contends that these actions placed his health and safety at risk and denied him due process.

## III.   MOTIONS TO AMEND TO ADD NEW DEFENDANTS

On April 7, 2008, plaintiff filed three Motions for Permissive Joinder under Rule 20. (Docs. 60, 61, 62.) The court considers these motions as Motions to Amend the Complaint to add new defendants and treats them as such herein.

### A.   Legal Standard

As noted by defendant Transcor, the Eastern District recently discussed the law applicable to a motion to amend the complaint to add new defendants. Wolfenbarger v. Black, 2008 WL 590477 (E.D. Cal., Feb. 29, 2008). In Wolfenbarger, this court explained that a motion to amend to add new defendants brings into consideration Rules 15, 16, and 20 of the Federal Rules of Civil Procedure:

Rule 20(a) of the Federal Rules of Civil Procedure states that persons may be joined as parties if the claims against them arise out of the same transaction or occurrence and if there is any question of law or fact common to all co-parties. However, Rule 15(a) vests the court with discretion to determine whether to allow amendment to the complaint for the parties to be added. Rule 15 provides that a party may amend its pleadings after a responsive pleading has been served, ". . . only by leave of the court or by written consent of the adverse party." The Rule further provides that such ". . . leave shall be freely given when justice so requires." In conjunction with Rule 15, Rule 20 allows the permissive joinder of parties, and in particular of party defendants, ". . . if there is asserted against (the defendants) jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions of occurrences and if any question of law or fact common to all defendants will arise in the action. Id at 2.

However, Rule 15(a) states that a court may deny an amendment where the amendment (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). Rule 15(a) is further limited by Rule 16. Once a district court has issued a pretrial scheduling order pursuant to Rule 16, which establishes a timetable to amend pleadings, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F. 2d 604, 607-608 (9th Cir. 1992). Thus, plaintiff's ability to amend his complaint is governed by Rule 16(b), not Rule 15(a). See Id. (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C.1987)) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15); and also Financial Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo.1989) (same). Id at 3.

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." Forstmann, 114 F.R.D. at 85. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, the "good cause" standard of Rule 16(b) primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J.1990); Amcast Indus. Corp. v. Detrex Corp., 132 F.R.D. 213, 217 (N.D. Ind.1990); Forstmann, 114 F.R.D. at 85; 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Cf. Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule 60(b)); Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir.1971) (same), cert. denied, 405 U.S. 974 (1972); Smith v. Stone, 308 F.2d 15, 18 (9th Cir. 1962) (same). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. See Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent, the inquiry should end. Id.

**B.     Discussion**

Plaintiff brings motions to add three new defendants to this action, Derrick Watkins (Officer in Charge, Transcor America LLC), Monica Garcia (Subordinate Officer and Agent, Transcor America LLC), and Nora Varela (Subordinate Officer and Agent, Transcor America LLC). Plaintiff identifies these defendants as agents/employees of defendant Transcor, the company responsible for transporting plaintiff from Atascadero State Hospital to the Fresno County Jail on August 25, 2005, during which events which are the subject of plaintiff's complaint allegedly occurred. Plaintiff alleges that he was placed in the custody of these three defendants who were present and participated in the clothed body search, application of mechanical restraints, and seating of the plaintiff inside the Transcor vehicle. Plaintiff contends that these defendants had notice of the Superior Court's August 12, 2005 order which required that plaintiff be segregated during transport, but they failed or refused to comply with the order and applicable statutes, causing plaintiff to suffer injuries and the violation of his constitutional rights.

Defendant Transcorp ("defendant") argues that plaintiff's motion should be denied because it was filed nearly six months after the October 19, 2007 deadline for amending pleadings which was set by the court's April 23, 2007 Scheduling Order. Also, defendant contends that plaintiff failed to comply with the warning in the court's order advising the parties that requests for extension of the filing deadlines "must be filed on or before the expiration of the deadline in question." Defendant also argues that plaintiff's motions are prohibited under Rule 16 of the Federal Rules of Civil Procedure, which requires him to show good cause for the addition of new parties to the lawsuit. Defendant claims that plaintiff was made aware of the three new defendants which he wishes to add during discovery in August of 2007 and therefore had ample time to file his motions in a timely manner, and defendant contends that plaintiff's delay is the antithesis of diligent behavior.

Plaintiff replies that he diligently attempted to identify the specific agents who were in attendance during the transport at issue. Plaintiff contends that he was unable to make such determination during discovery because the list provided by defendant was a hodgepodge list of

persons employed by Transcor, with no indication of which individuals were present in the vehicle during plaintiff's transport on August 25, 2005. Plaintiff maintains that he was unable to identify the agents until he received defendant's motion for summary judgment in 2008 with its attached exhibits. Plaintiff acknowledges that defendant provided him with the names of the agents in time to meet the court's deadline for amending the pleadings, but he maintains he was not given the information he needed to identify the specific agents who transported him. Plaintiff argues that adding the new defendants will not prejudice the existing defendants and will serve justice because the proper parties will be included in the action.

Here, because defendants have answered the complaint, plaintiff must obtain leave of court or written consent of defendants before amending the complaint to add new defendants.

As for the requirements of Rule 20, the court finds it clear that the claims against the three new defendants arise out of the same transaction or occurrence which is the subject of plaintiff's action. Plaintiff's complaint concerns, in part, the way he was treated on the bus by agents of Transcor during transportation from Atascadero State Prison to the Fresno County Jail on August 25, 2005. Plaintiff has identified the new defendants as the three specific agents who accompanied him during the transport in question. Also under Rule 20, the court finds a common question of law or fact among all co-parties presently in the action and the new defendants. In the complaint, plaintiff alleges that his rights to due process were violated by agents of Transcor during transportation and by officers at the Fresno County Jail while he was in custody there. The same issue – whether plaintiff's due process rights were violated because of the way he was treated – remains to be decided against the existing defendants and the new defendants. Therefore, the Rule 20 requirements for adding new parties have been met.

As for Rule 16(b)'s requirement that "good cause" be shown for amendment after the scheduling order's deadline, the court finds that plaintiff was diligent in his efforts to identify the specific agents who accompanied him on the bus on August 25, 2005. Plaintiff states that he attempted to obtain the information needed during discovery, but although defendants provided him with the names of Transcor agents, they did not identify the specific agents who were present during plaintiff's transport. Plaintiff contends that he did not receive the information he needed

until defendant served its motion for summary judgment in 2008, well after the court's October 19, 2007 deadline for amending pleadings. Therefore, plaintiff has shown good cause for belatedly requesting amendment.

Rule 15(a) directs the court to determine whether plaintiff's amendment would prejudice the opposing party, is sought in bad faith, produces an undue delay in litigation, or is futile. Plaintiff argues that defendant Transcor would not be prejudiced by the amendment, because Transcor may be absolved of liability if the actual persons responsible for the conduct at issue are joined to the action, and the court so concurs. None of the defendants have opposed this argument. As for the Fresno County defendants, the allegations against them are separate, distinct, and apart in time from the allegations against Transcor and Transcor's agents.[1] Therefore, the claims against the Fresno County defendants would not be prejudiced by identifying and adding three Transcorp employees as defendants. Defendants have not made any argument, and the court finds no evidence that plaintiff's motion to amend was brought in bad faith, or that the amendment would be futile. On the other hand, plaintiff's amendment would clearly cause delay of the litigation. If new defendants appear in the action, additional time will be required for discovery and pre-trial motions. Plaintiff's amendment may render his pending motion for summary judgment moot, causing further delay. In any event, the final resolution of this action would be delayed for months. However, the factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). Accordingly, the court finds no basis under Rule 15(a) to deny plaintiff's amendment.

**C.   Conclusion**

Based on the foregoing, plaintiff's motions to amend shall be granted. Plaintiff shall be granted leave to file an amended complaint for the limited purpose of adding three new

---

[1] In light of the fact that defendants Richard Pierce (Fresno County Sheriff), Margaret Mimms (Fresno County Assistant Sheriff), and Lieutenant Gary Johnson are employees of Fresno County, the court here refers to them as the "Fresno County defendants."

1  defendants, Derrick Watkins, Monica Garcia, and Nora Varela, and the claims against them
2  arising out of plaintiff's transportation from Atascadero State Prison to the Fresno County Jail on
3  August 25, 2005.
4        Plaintiff is informed he must demonstrate in his amended complaint how the conditions
5  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
6  Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each
7  named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is
8  some affirmative link or connection between a defendant's actions and the claimed deprivation.
9  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
10 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
11       Plaintiff should note that although he has been given the opportunity to amend, it is not
12 for the purposes of adding new defendants relating to issues arising after December 5, 2005.  In
13 addition, plaintiff should take care to include only those claims that have been exhausted prior to
14 the initiation of this suit on December 5, 2005.
15       Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
16 complete in itself without reference to any prior pleading.  As a general rule, an amended
17 complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
18 1967).  Once an amended complaint is filed, the original complaint no longer serves any function
19 in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
20 involvement of each defendant must be sufficiently alleged.  The amended complaint should be
21 clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case
22 number, and be an original signed under penalty of perjury.
23 **IV.    ORDER**
24       Accordingly, it is HEREBY ORDERED that:
25       1.    Plaintiff's motions to add new defendants, filed on April 7, 2008, are GRANTED;
26       2.    Plaintiff shall file an amended complaint within thirty days of the date of service
27       of this order, for the sole purpose of adding defendants Derrick Watkins (Officer
28       in Charge, Transcor America LLC), Monica Garcia (Subordinate Officer and

1  Agent, Transcor America LLC), and Nora Varela (Subordinate Officer and Agent, Transcor America LLC) and the claims against them arising from plaintiff's transportation from Atascadero State Prison to the Fresno County Jail on August 25, 2005;

3. The Clerk of the Court shall send one civil rights complaint form to plaintiff; and

4. Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:  **July 23, 2008**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE