UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| William Jackson Kitchens, | ) | CV-05-1567-DCB   P |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Margaret Mims, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

On February 4, 2014, the mandate issued and this action was returned to this Court to resolve whether the circumstances of confinement under the supervision of Defendant Mims violated Plaintiff's constitutional rights:

> Although the County Defendants argued in their briefs that these policies were set by higher authorities, who they were bound to follow, counsel for County Defendants conceded at oral argument that these policies related only to the locations to which SVPs [sexually violent predators] were assigned, not to the privileges afforded to prisoners in those locations. Because no policy from "higher authority" specified how SVPs housed in Isolation or the Hole must be treated, a question of material fact exists as to Mims' authority to affect the conditions afforded to SVPs in those locations. In particular, the issue is whether, in the absence of a policy, Mims, as the person who "oversaw jail operations" and "in charge of the Fresno County Jail," had the authority to ensure that SVPs would be afforded better conditions than others housed in Isolation or the Hole.

(Case No. 10-15737 at 87-3.)

On July 30, 2013, during the pending appeal, Plaintiff filed a Motion for Summary Judgment (Doc. 136).

1    IT IS ORDERED that the Defendants must file a response to the Plaintiff's Motion
2 for Summary Judgment only as it relates to the Ninth Circuit ruling on appeal (Doc. 143)
3 on or before May 29, 2014.

4    DATED this 1st day of April, 2014.

David C. Bury<br>
United States District Judge